UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JIM CASSI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS, LLC, a limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendant. | No. 2:23-cv-01801 WBS JDP<br><br>ORDER RE: PLAINTIFF'S MOTION TO REMAND AND DEFENDANT'S MOTION TO DISMISS |

----oo0oo----

Plaintiff Jim Cassi filed this action against General Motors, LLC ("GM") in state court, alleging violations of the Song-Beverly Act, fraud, and violations of the Business & Professionals Code § 17200 ("UCL"). (Compl. (Docket No. 1-1).). Defendant removed this action to federal court based on diversity jurisdiction. (Docket No. 1.) Defendant then filed a motion to dismiss. (Mot. to Dismiss (Docket No. 8).) Plaintiff filed a motion to remand. (Mot. to Remand (Docket No. 22).)

I. Motion to Remand

1

A.  Legal Standard

Civil cases not arising under federal law are removable to federal court only if each plaintiff's citizenship is different from each defendant's citizenship, and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  The court finds that defendant has established both with a preponderance of the evidence.[1]

1.  Diversity

Plaintiff alleges that he is a resident of Modesto, CA. (Compl. ¶ 1.)  Plaintiff's counsel has also provided defendant with a copy of the vehicle lease agreement which lists a California address for plaintiff.  (Strotz Decl. (Docket No. 24-2).)  This is sufficient to show that plaintiff is a California citizen.  See Bradley Min. Co. v. Boice, 194 F.2d 80, 84 (9th Cir. 1951) (plaintiff's state of residence presumptively state of citizenship); Salazar v. Ford Motor Co., No. 2:21-cv-06756-FLA, 2022 WL 16855563, at 4 (C.D. Cal. Nov. 10, 2022) (party may rely on an address listed in a purchase agreement to meet burden of establishing individual's citizenship) (collecting cases).

Defendant is headquartered in and has its principal place of business in Michigan; it is incorporated in Delaware.

---

[1]  Accompanying plaintiff's remand reply are evidentiary objections to defendant's Kuhn Declaration.  (Objs. (Docket No. 26).)  Specifically, plaintiff argues that various declarations regarding GM's citizenship (1) lack the proper foundation pursuant to Federal Rule of Evidence 602, and (2) are conclusory. (Objs.)  Plaintiff's objections are without merit.  Timothy Kuhn is employed as counsel for GM (Kuhn Decl. (Docket No. 24-3) ¶ 1.) This is sufficient to establish Mr. Kuhn's qualification to speak on GM's corporate citizenship.  Accordingly, the court will deny plaintiff's evidentiary objections and motion to strike.

1  (Kuhn Decl. (Docket No. 24-3) ¶¶ 4-6.)  The same is true for
2  defendant's ultimate parent, General Motors Company.  (Id.)  This
3  is sufficient to show that defendant is a citizen of Michigan and
4  Delaware.[2]  28 U.S.C. § 1332(c)(1); Johnson v. Columbia Props.
5  Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (limited
6  liability corporations have citizenship of all their members).
7       Accordingly, defendant has established that parties are
8  completely diverse pursuant to 28 U.S.C. § 1332.
9           2.   Amount in Controversy
10      A defendant's initial burden in establishing the amount
11 in controversy for removal purposes is minimal: even a "plausible
12 allegation that the amount in controversy exceeds the
13 jurisdictional threshold" can suffice.  Dart Cherokee Basin
14 Operating Co., LLC v. Owens, 135 S. Ct. 547, 551, 554 (2014)
15 (quoting 28 U.S.C. § 1446(a)).  See also Gen. Motors Corp. v.
16 Manly Oldsmobile-GMC, Inc., No. C-07-0233 JCS, 2007 WL 776261, at
17 *3 (N.D. Cal. Mar. 12, 2007) ("Here, the allegations in the
18 complaint do not establish to a legal certainty that the amount-
19 in-controversy requirement cannot be met, that is, that there is
20 no set of facts that could be proven that would result in
21 equitable relief which would have a value . . . of $75,000.00 or
22 more.")
23      Defendant clears this burden.  During oral argument,
24 plaintiff reported that the actual amount paid to date under

---

[2] Defendants sued under fictitious names are disregarded when determining removal jurisdiction.  28 U.S.C. § 1441(b)(1).  Accordingly, the court does not consider defendants Does 1-10 for the purpose of removal jurisdiction.

3

plaintiff's lease contract was around $6,000.  This provides a plausible floor for actual damages.  A Song-Beverly civil penalty of twice this amount, see Cal. Civ. Code § 1794(c), is an additional $12,000.

As for attorneys' fees, defendant points to its apparently significant experience with these types of cases, where plaintiffs' counsel reportedly often claim hourly rates of $350-500 and seek fees exceeding $50,000 under section 1794(d) of Song-Beverly.  (Remand Opp'n (Docket No. 24) at 5; Kuhn Decl. (Docket No. 1-4) ¶ 10.)  Defendant also refers the court to case law in support of the $50,000 amount.  See, e.g., Selinger v. Ford Motor Co., No. 2:22-CV-08883-SPG-KS, 2023 WL 2813510, at *11 (C.D. Cal. Apr. 5, 2023) (In Song-Beverly actions, "$50,000 in attorney's fees is, on average, commonly viewed as a reasonable estimate . . . .").

Finally, as to punitive damages, defendant offers analogous cases where punitive damages exceeded $50,000.  (Remand Opp'n at 3-6.)  See Selinger, 2023 WL 2813510, at *10; In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig., No. MDL 2672 CRB (JSC), 2019 WL 693234, at *5-6 (N.D. Cal. Feb. 19, 2019).  See also Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (defendant may introduce evidence of jury verdicts in cases involving analogous facts to establish probable punitive damages).

Accordingly, defendant has made a plausible showing that the amount in controversy exceeds $75,000.  The court will therefore deny plaintiff's motion to remand.

II. Motion to Dismiss

4

   Defendant directs its motion to dismiss only at plaintiff's common law fraud claim (Claim 4), which is pled under misrepresentation and concealment theories, and the claim under the "fraudulent prong" of the UCL (Claim 5) (collectively the "fraud claims"). (Mot. to Dismiss at 2.) Allegations of fraudulent activity must satisfy the heightened pleading standard of Rule 9(b) and identify "the who, what, when, where, and how" of the fraud. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). Plaintiff's fraud claims are defective in this respect, as they do not even come close to alleging with the requisite particularly the "who, what, when, where, and how" of the specific acts comprising affirmative misrepresentations and fraudulent conceal.

   Plaintiff appears to acknowledge this deficiency and requests leave to amend his complaint should the court dismiss his fraud claims. (Docket No. 20 at 5.) Defendant does not oppose such a request (Docket No. 23 at 3), and the complaint's significant shortage of particular allegations regarding fraud suggests that amendment would not be futile for plaintiff's fraud claims. Accordingly, the court will grant defendant's motion to dismiss and grant plaintiff leave to amend his complaint to allege fraud with the requisite particularity.

   IT IS THEREFORE ORDERED that plaintiff's motion to remand to state court (Docket No. 22) be, and the same hereby is, DENIED.[3]

---

[3] Plaintiff's evidentiary objections and motion to strike (Docket No. 26) is also DENIED.

5

            IT IS FURTHER ORDERED that defendant's motion to dismiss plaintiff's common law fraud claim (Claim 4) and claim under the "fraud prong" of California Business & Professions Code § 17200 (Claim 5) (Docket No. 8) be, and the same hereby is, GRANTED.  Plaintiff's fraud claims are DISMISSED with leave to amend.  Plaintiff may file a First Amended Complaint consistent with this order, if able, within twenty days of its issuance.

Dated:  October 31, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE